IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| DONALD YEAGER, | ) |
| Plaintiff, | ) Civil Action No.: 2:23-CV-00191-CBB |
| vs. | ) |
| SYLVESTER, PHYSICIAN ASSISTANT; | ) Christopher B. Brown<br>) United States Magistrate Judge |
| Defendant. | ) |

# MEMORANDUM ORDER[1]

**Christopher B. Brown, United States Magistrate Judge**

Plaintiff Donald Yeager is a state prisoner in the custody of the Pennsylvania Department of Corrections and currently incarcerated at SCI-Pine Grove. Yeager claims that Defendant Sylvester, a Physician Assistant at SCI-Greene violated his civil rights and state law by failing to provide him with adequate medical treatment. ECF No. 6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Yeager's state law claims pursuant to 28 U.S.C. § 1367.

Pending before the Court is Defendant Sylvester's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or alternatively motion for

---

[1] All parties have consented to full jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* ECF Nos. 2 and 37.

1

summary judgment under Fed. R. Civ. P. 56. ECF No. 31.  Yeager was ordered to file his response to this motion by October 24, 2024, but failed to do so. ECF No. 34. A month after Yeager's deadline to respond passed, he filed a motion for extension of time to respond to the motion, which the Court granted and gave Yeager until December 30, 2024 to file his response.  ECF Nos. 41, 42.  This Order was mailed to Yaeger's last known address and no address change has been received by this Court.  Despite this, Yeager did not respond to the motion and the Court issued a show cause order on February 19, 2025 ordering Yeager to respond to the motion or to show cause why his case should not be dismissed with prejudice for failure to prosecute by March 19, 2025. ECF No. 45.  Yeager was informed that if he took no action in this case by that deadline, the Court would dismiss his case with prejudice for failure to prosecute. *Id.*  Again, this Order was mailed to Yaeger's last known address and no address change has been received by this Court.  Nonetheless, Yeager did not respond to the show cause order by the deadline and has taken no action in this case for over four months.

Yeager's inaction reflects his lack of prosecution of this case.  A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)).  Fed. R. Civ. P. 41(b) states in pertinent part:

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order

> states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute even if the plaintiff is proceeding pro se. The Sixth Circuit has stated that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to prosecute is not the same as "inartful pleading or [a] lack of legal training." *Id.* at 110.

The Court of Appeals for the Third Circuit laid out factors that a court must consider when determining whether a case should be dismissed for the plaintiff's failure to prosecute in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*

Based on these factors, this case is dismissed for Yeager's failure to prosecute. The first five factors all weigh heavily in favor of dismissal. As to the first three factors, because Yeager is proceeding pro se, "the responsibility of moving

3

the case forward lies with him." *Cravener v. McClister*, No. 2:23-CV-00355, 2023 WL 7168929, at *3 (W.D. Pa. Oct. 9, 2023), *report and recommendation adopted*, No. CV 23-355, 2023 WL 7166475 (W.D. Pa. Oct. 31, 2023). And yet, Yeager has not filed a response to Defendant's motion filed in September of 2024. Indeed, he has not participated in this case at all for over four months. The Court cannot rule on the pending Fed. R. Civ. P. 12(b) motion to dismiss or alternative Fed. R. Civ. P. 56 motion for summary judgment if Yeager is not responsive to this Court's orders and defense counsel cannot engage in discovery. The case simply cannot move forward with a non-responsive plaintiff. These three factors weigh heavily in favor of dismissal. As to the fourth factor, there is nothing on the docket that suggests Yeager is unable to respond to this Court's Orders which suggests his failure to comply is willful and likewise weighs in favor of dismissal. Additionally, under factor five, there are no alternative sanctions which would adequately punish Yeager for his failure to prosecute this case; imposing a monetary sanction against Yeager who is proceeding *in forma pauperis* would not be effective as he appears impecunious and he likewise fails to communicate with the Court – this too weighs in favor of dismissal.

Only factor 6 in neutral. Defendant Sylvester's pending dispositive motion has not been fully briefed and no discovery has been conducted, so it is unclear at this stage whether Yeager's claims would survive dismissal. It is also not apparent whether his claims would survive summary judgment even if his claims survive the motion to dismiss stage. But not all the *Poulis* factors "need be met for a district

court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

On balance, five *Poulis* factors weigh heavily in favor of dismissal and only one factor is neutral. Given this, it is appropriate for the Court to impose the extreme sanction of dismissal for the failure to prosecute.

Accordingly, the following Order is entered:

AND NOW, this 4th day of April, 2025,

IT IS HEREBY ORDERED that this action is DISMISSED with prejudice for Yeager's failure to prosecute; and

IT IS FURTHER ORDERED that Defendant Sylvester's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or alternatively motion for summary judgment under Fed. R. Civ. P. 56 ECF No. 31 is DENIED as moot.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge


cc:   DONALD YEAGER
      NS-6331
      SCI PINE GROVE
      189 FYOCK ROAD
      INDIANA, PA 15701